**IT IS ORDERED as set forth below:**



Date: June 24, 2021

_____
**Wendy L. Hagenau**
**U.S. Bankruptcy Court Judge**

_____

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 20-71946-WLH |
| MESHAUN SAMUEL HOBBS AND MECHELLE DELORES CARRELL-HOBBS, | CHAPTER 13 |
| Debtors, | |

## ORDER ON DEBTORS' OBJECTION TO CLAIM
## OF KENNESAW COMMERCIAL PROPERTIES

**THIS MATTER** is before the Court on Debtor MeChelle Delores Carrell-Hobb's Objection to Claim of Creditor Kennesaw Commercial Property, LLC ("Kennesaw") (Doc. No. 50) (the "Objection"). Kennesaw filed proof of claim number 24 for $30,750.00 for unpaid commercial rent.[1] Ms. Carrell-Hobbs ("Tenant") filed the Objection on May 2, 2021, and

---

[1] Tenant objects to Kennesaw's claim for rent for the months of August through December 2019. Tenant acknowledges she owes rent of $6,000 a month plus late fees of $150 a month for January and February 2020 totaling $12,300, and she does not object to this portion of Kennesaw's claim.

1

Kennesaw filed a response in opposition to the Objection on June 1, 2021 (Doc. No. 51). The Court held a hearing on the Objection on June 9, 2021. Counsel for Tenant (Patricia and Jeffrey Williams) and counsel for Kennesaw (Scott McMahan) appeared by video. At the hearing, the parties agreed the issue was a legal one only and no evidence was required. The Court allowed the parties ten days to submit additional authority. Tenant filed a brief in support of the Objection on June 17, 2021 (Doc. No. 53).

In July 2019, Tenant signed a lease for commercial space at 1575 Milstead Road, Conyers, Georgia 30012. The lease provides that the term of the lease begins "on the earlier of the completion of the work described in any attached Work letter or the date 8/1/2019 (the "Commencement Date")," and that rent of $6,000 per month was due on the first day of each month. Paragraph 2 provides "[i]f Landlord is unable to deliver possession of Property on the Commencement Date, rent shall be abated on a daily basis until possession is granted." (Doc. No. 50 Ex. A. p. 4.) The lease also included several special stipulations, one of which states "Tenant shall receive six (6) months free rent to be applied as follows: two (2) months free rent at the beginning of the lease term, and four (4) months free rent at the end of the lease term." (the "Special Stipulation") (Doc. No. 50 Ex. A. p. 11 no. 6.)

Tenant asserts she did not receive possession until November 2019, after issuance of a Certificate of Compliance for Business License by Rockdale County on November 4, 2019 and an inspection on November 18, 2019. Tenant contends she did not owe rent until she took possession of the leased space, and, pursuant to the Special Stipulation, she was entitled to two months of free rent in November and December 2019. Kennesaw contends nothing in the lease changed the Commencement Date, and the two months of free rent were in August and September 2019 regardless of delivery of possession. While the parties have argued about the start of the lease

term, the real issue is how to reconcile the abatement and free rent provisions.  Kennesaw argues the free rent occurs during the abatement, while the Tenant argues it starts once the abatement is terminated.  The Court agrees with the Tenant.

Under Georgia law, construction of a contract is a matter of law for the Court.  Envision Printing, LLC v. Evans, 336 Ga. App. 635 (2016).  In construing a contract, the Court must first decide whether the contract language is clear and unambiguous.  The Court "looks to the four corners of the agreement to ascertain the meaning of the contract from the language employed, . . . [and] words generally are ascribed their usual and common signification."  Gilreath Fam. & Cosm. Dentistry, Inc. v. Cincinnati Ins. Co., 2021 WL 778728, at *4 (N.D. Ga. Mar. 1, 2021) (citations omitted).  "Where the language of the contract is clear, unambiguous, and capable of only one reasonable interpretation, no construction is necessary or even permissible by the trial court."  Id. (citing Ainsworth v. Perreault, 254 Ga. App. 470 (2002)).  If the contract is unambiguous, "the court simply enforces the contract according to its clear terms[.]"  Woody's Steaks v. Pastoria, 261 Ga. App. 815, 817, (2003).

If the contract is ambiguous in some respect, the court must apply the rules of contract construction to resolve the ambiguity.  Id.  "Ambiguity exists where the words used in the contract leave the intent of the parties in question—i.e., that intent is uncertain, unclear, or is open to various interpretations."  Gen. Steel, Inc. v. Delta Bldg. Sys., Inc., 297 Ga. App. 136, 138 (2009); see also ESI Cos., Inc. v. Fulton Cnty., 271 Ga. App. 181, 184 (2004) ("Ambiguity in a contract may be defined as duplicity, indistinctness, and uncertainty of meaning or expression.").  If the ambiguity remains after applying the rules of construction, then testimony is permitted to determine the intent of the parties.  Atlanta Dev. Auth. v. Ansley Walk Condo. Ass'n, Inc., 350 Ga. App. 584, 587 (2019).

3

Here, the terms of the lease are plain and unambiguous. Paragraph 2 of the lease says that rent is abated on a daily basis until possession of the property is delivered. Abatement is defined generally as "[t]he act of eliminating or nullifying" and "a reduction in the amount or degree of something[.]" Black's Law Dictionary (11th ed. 2019); Cambridge Business English Dictionary (2011). Abatement in this context means not having to pay rent, a release from rent, or the reduction in the amount of rent. See In re Great Atl. & Pac. Tea Co., Inc., 510 B.R. 42, 49 (S.D.N.Y. 2014), aff'd, 595 F. App'x 72 (2d Cir. 2015). Rent abatements are meant for the benefit of the tenant due to some event. See Gavan v. Norcross, 117 Ga. 356 (1903). That is true here with the abatement provision in paragraph 2. According to the contract, the rent would be abated—and no rent would be owed—until possession was delivered. If no rent is due, it cannot be the "free rent" required by the Special Stipulation.

The provision for "free rent" is in the Special Stipulation indicating it was a negotiated term between the parties. The Special Stipulation says Tenant will receive two months free rent "at the beginning of the lease term". Given that no rent was due until possession was delivered, applying the free rent to the first two months when rent became due is consistent with "the beginning." It is also consistent with the expressed intent of the parties that the Tenant would not pay until possession was delivered and that the Tenant would receive six months of free rent. There would have been no need for the Tenant to negotiate the free rent if no rent was due.

Even if the lease is ambiguous as to the application of the abatement and free rent provisions, this construction is consistent with the rules of contract interpretation codified at O.C.G.A. § 13-2-2. One of them provides "[t]he construction which will uphold a contract in whole and in every part is to be preferred, and the whole contract should be looked to in arriving at the construction of any part[.]" O.G.G.A. § 13-2-2(4). The Court should review the lease as a

4

whole. Hancock Fabrics, Inc. v. Alterman Real Est. I, Inc., 302 Ga. App. 568, 570 (2010). Further, any ambiguity should be resolved against the drafter of the lease. See Auto Owners Ins. Co. v. Sw. Nut Co., 564 F. App'x 1002, 1005 (11th Cir. 2014) (citing O.C.G.A. § 13–2–2). Reading the contract to find the two months free rent started once abatement terminated upholds the contract as a whole. Reading it the way Kennesaw suggests completely eliminates two months of free rent, which was clearly a bargained for provision since it is in the Special Stipulations. The lease contemplated the outcome argued by Tenant, and "the Court's task 'is not to rewrite a contract for the parties better than or different from the one they wrote for themselves.'" In re Great Atl. & Pac. Tea Co., 510 B.R. at 51 (citations omitted). The conclusion is also consistent with the way other courts have interpreted rent abatement and free rent provisions. See id. (affirming conclusion lease provided for an abatement of rent and charges, without set-off, during period landlord did not pay construction allowance); see also 1352 Lofts Prop. Corp. v. Bobby Chez of PA, LLC, 855 F. Supp. 2d 367, 379 (E.D. Pa. 2012) (free rent period began when the premises were available for occupancy).

For the reasons stated above, the Court finds rent was abated from the Commencement Date until Kennesaw delivered possession to Tenant. Tenant was then entitled to two months free rent. Accordingly,

**IT IS THERFORE ORDERED** that the Objection is **SUSTAINED** as to the legal interpretation of the contract. The parties are directed to file a stipulation within 14 days as to the calculation of the claim or to state if any factual issues exist as to the calculation.

**END OF ORDER**

**Distribution List**

MeChelle Delores Carrell-Hobbs
30 Hillside Oak Ln
Covington, GA 30016-0267

Meshaun Samuel Hobbs
30 Hillside Oak Ln
Covington, GA 30016-0267

Patricia Lyda Williams
The Williams Law Office LLC
3675 Crestwood Parkway, Suite 400
Duluth, GA 30096-5054

J. Jeffrey Williams
The Williams Law Office LLC
3675 Crestwood Parkway, Suite 400
Duluth, GA 30096-5054

Scott B. McMahan
Poole Huffman, LLC
3562 Habersham at Northlake
Building J, Ste 200
Tucker, Georgia 30084